# In the United States Court of Federal Claims

BID PROTEST
No. 19-676C
Filed Under Seal: September 20, 2019
Reissued: October 23, 2019[*]

| | |
|---|---|
| WELLPOINT MILITARY CARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>v.<br><br>OPTUM PUBLIC SECTOR SOLUTIONS, INC.,<br><br>Defendant-Intervenor. | Injunction Pending Appeal; RCFC 62(d). |

*Mark D. Colley*, Counsel of Record, *Kara L. Daniels*, *Thomas McSorley*, *Michael E. Samuels*, *Nathaniel E. Castellano*, Of Counsel, Arnold & Porter Kaye Scholer LLP, Washington, DC, for plaintiff.

*Steven M. Mager*, Senior Trial Counsel, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Bridget E. Grant*, Of Counsel, United States Department of Veterans Affairs, for defendant.

*Jason A. Carey*, Counsel of Record, *Mark W. Mosier*, *J. Hunter Bennett*, *Kayleigh M. Scalzo*, *Kevin T. Barnett*, *Brooke G. Stanley*, Of Counsel, Covington & Burling, LLP, Washington, DC; *Daniel S. Goldberg*, Optum Public Sector Solutions, Inc., for defendant-intervenor.

---

[*] This Memorandum Opinion and Order was originally filed under seal on September 20, 2019 (ECF no. 59). The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. On October 22, 2019, the parties filed a joint status report indicating that no redactions are necessary (ECF No. 60). And so, the Court is reissuing its Memorandum Opinion and Order, dated September 20, 2019 without redactions.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

GRIGGSBY, Judge

## I. INTRODUCTION

This post-award bid protest matter involved a challenge of the Department of Veteran Affairs' ("VA") evaluation and award decisions in connection with Request for Proposal No. VA791-16-R-0086 (the "Solicitation") to award a contract for medical, surgical, complementary and integrative healthcare services, durable medical equipment, pharmacy and dental services to be provided in the VA's Region 3 Community Care Network (the "Contract"). Compl. at ¶¶ 1, 2; AR Tab 123 at 40977, 41032-33. On August 1, 2019, the Court issued a Memorandum Opinion and Order (1) denying WellPoint Military Care Corporation's ("WellPoint") motion for judgment upon the administrative record; (2) granting the government's and Optum Public Sector Solutions, Inc.'s ("Optum") cross-motions for judgment upon the administrative record; (3) denying WellPoint's request for injunctive relief; and (4) dismissing the complaint (the "August 1, 2019, Decision"). *WellPoint Military Care Corp. v. United States*, No. 19-676C, 2019 WL 4049168, at *14-15 (Fed. Cl. Aug. 1, 2019). On August 1, 2019, WellPoint filed a notice of appeal of the August 1, 2019, Decision to the United States Court of Appeals for the Federal Circuit. *See generally* Notice of Appeal.

WellPoint has moved for an injunction enjoining Optum from proceeding with performance under the Contract pending its appeal, pursuant to Rule 62(d) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot.; Pl. Mem. For the reasons discussed below, the Court **DENIES** WellPoint's motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2019, the Court issued a Memorandum Opinion and Order that, among other things, denied WellPoint's motion for judgment upon the administrative record, denied WellPoint's request for injunctive relief and dismissed the complaint. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *14-15. In the August 1, 2019, Decision, the Court held, among other things, that WellPoint's claim that the VA treated offerors unequally during its evaluation of proposals under the Solicitation's Corporate Experience/Capability Subfactor was unsupported by the administrative record, because the VA's evaluation did not prejudice

WellPoint and the record evidence shows that the agency reasonably evaluated proposals under this subfactor. *Id.* at *11-12; AR Tab 87 at 17099-100. The Court also held that WellPoint's claim that the VA incorrectly evaluated the relative cost savings offered by WellPoint and Optum during the evaluation process was similarly unsupported by the administrative record, because the record evidence shows that the VA evaluated the unit prices proposed by WellPoint and Optum consistent with the terms of the Solicitation. *WellPoint Military Care Corp*, 2019 WL 4049168, at *13.

After WellPoint filed its motion for an injunction pending the appeal of the Court's August 1, 2019, Decision, the government and Optum filed responses and oppositions to WellPoint's motion on August 15, 2019. *See generally* Def. Resp.; Def.-Int. Resp. On August 20, 2019, WellPoint filed a reply in support of its motion for an injunction pending appeal. *See generally* Pl. Reply.

This matter having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

Injunctions pending appeal are governed by RCFC 62(d). This rule provides that:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

RCFC 62(d).

This Court has recognized that an injunction pending appeal provided for under RCFC 62(d) is an extraordinary remedy. *Acrow Corp. v. United States*, 97 Fed. Cl. 182, 183 (2011) (quoting *Golden Eagle Refining Co. v. United States*, 4 Cl. Ct. 622, 624 (1984)). The Court has also held that, when considering such a motion, the Court "assesses the movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.* (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (internal quotation marks omitted)).

When determining whether to grant a motion for injunction pending appeal, the Court considers: "(1) whether the movant has made a strong showing that it is likely to succeed on the

merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and (4) where the public interest lies." *Id.* at 184 (citing *Alaska Cent. Express, Inc. v. United States*, 51 Fed. Cl. 227, 229 (2001)). The Court has flexibility when weighing these factors. *Id.* And so, the Court "may allow for an injunction pending appeal when the movant 'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial* case on the merits,' *provided* the other factors miliate in [the] movants favor." *Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015) (emphasis original) (citing *Standard Havens Prods.*, 897 F.2d at 513 (citations omitted)).

## IV. LEGAL ANALYSIS

WellPoint has not made a strong showing that it is likely to succeed upon the merits on appeal, or that the equities weigh in favor of granting injunctive relief in this case. And so, for the reasons set forth below, the Court **DENIES** WellPoint's motion for an injunction pending appeal.

In its motion for an injunction pending appeal, WellPoint argues that it is entitled to this extraordinary relief because Optum will transition to performance of the Contract, thereby undermining WellPoint's competitive posture, absent injunctive relief. Pl. Mot. at 1. WellPoint also argues that it has a substantial likelihood of success on appeal because: (1) the Court erred in concluding that the VA's source selection authority reasonably considered price during the best value trade-off analysis for the Solicitation; (2) the Court erred in upholding the VA's "disparate evaluation" of the Solicitation's Corporate Experience/Capability Subfactor; and (3) the Court's findings regarding whether WellPoint has been prejudiced by the VA's alleged evaluation errors in this matter "constitute clear error." Pl. Mem. at 5-19.

The government and Optum counter in their respective responses and oppositions to WellPoint's motion that WellPoint has neither demonstrated a likelihood of success on appeal, nor shown that it would be irreparably harmed in the absence of injunctive relief. Def. Resp. at 4-19; Def.-Int. Resp. at 4-11. The Court agrees.

### A. WellPoint Has Not Shown A Strong Likelihood Of Success On The Merits

As an initial matter, WellPoint has not made a strong showing that it is likely to succeed upon the merits of any of its claims on appeal. WellPoint largely restates the argument that it previously and unsuccessfully advanced in this litigation—that the VA committed a mathematical error in calculating the amount of the cost savings that WellPoint would provide to the government in comparison to Optum—to support its request for injunctive relief. Pl. Mem. at 5-17.

As the Court held in the August 1, 2019, Decision, the administrative record shows that the VA's methodology for evaluating WellPoint's cost savings and price was both reasonable and in accordance with the terms of the Solicitation. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *13; *see also* AR Tab 82 at 16922.13-14; AR Tab 87 at 17099; AR Tab 123 at 41167 (showing that the Solicitation required the VA to evaluate price by calculating the cumulative weighted score for each offeror and evaluating each offerors' unit price for the base and option periods, and that the VA compared each offerors' cumulative weighted score with the Independent Government Cost Estimate). Indeed, while WellPoint argues that "[t]his protest is about a material, objective math error," its claim is, at bottom, a challenge to the methodology that the VA employed to evaluate price. Pl. Mem. at 5. The record evidence shows that the VA employed a methodology to evaluate price that is consistent with the terms of the Solicitation.[1] AR Tab 87 at 17099. And so, WellPoint has not shown a strong likelihood of success with respect to its claim.

WellPoint's argument that an injunction pending appeal is warranted because the VA "disparately evaluated" offerors' corporate experience under the Solicitation's Corporate Experience/Capability Subfactor is also unconvincing. Pl. Mem. at 11-17. WellPoint argues that the August 1, 2019, Decision does not address the fact that the VA considered WellPoint's corporate experience, based upon, among other things, WellPoint's attributes as a prime contractor, while the VA only considered Optum's corporate experience, based upon the experience of Optum's "corporate family" when evaluating Optum's corporate experience. *Id.* at

---

[1] As the government correctly observes in its response and opposition to WellPoint's motion, the VA had no obligation to calculate the difference between each offerors' cumulative weighted score in the manner that WellPoint requests in this case. Def. Resp. at 8-9.

11. But, even if WellPoint is correct in arguing that the VA erred by evaluating Optum and WellPoint differently under the Solicitation's Corporate Experience/Capability Subfactor, the record evidence shows that WellPoint has not been prejudiced by this error. As the Court held in the August 1, 2019, Decision, the record evidence shows that the weakness that the VA assigned to WellPoint's proposal for lack of direct corporate experience did not impact the agency's best value determination and award decision in this case. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *11-12; *see also Bannum, Inc. v. United States*, 404 F.3d 1346, 1353 (Fed. Cir. 2005). The VA's decision to approach the evaluation of corporate experience differently with regards to WellPoint and Optum also finds support in the administrative record. The record evidence shows that WellPoint stated in its proposal that it would be the "accountable organization" for the Contract. AR Tab 78 at 1541. By comparison, Optum stated that its corporate affiliates would be responsible for performing the contract. AR Tab 79 at 16335.

Because the record evidence shows that the VA reasonably evaluated WellPoint's proposal under the Solicitation's Corporate Experience/Capability Subfactor—and that the weakness assigned to WellPoint's proposal for lack of direct corporate experience did not impact the VA's best value determination and award decision—WellPoint has not made a strong showing that it is likely to succeed on appeal with respect to this claim. *Chenga Mgmt., LLC. v. United States*, 96 Fed. Cl. 556, 585 (2010) (noting that, while a contracting agency must treat all offerors equally, equal treatment does not require that all proposals be treated the same).

WellPoint's argument that the Court's findings regarding prejudice in this case constitute "clear error" is equally unavailing. Pl. Mem. at 17-19. In the August 1, 2019, Decision, the Court recognized that WellPoint must show that the VA's alleged evaluation errors prejudiced WellPoint to prevail in this case. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *11; *see also Bannum, Inc.*, 404 F.3d at 1353. As the Court held in the August 1, 2019, Decision, WellPoint fails to meet this standard because the record evidence shows that the VA did not consider the weakness assigned to WellPoint's proposal for lack of direct corporate experience in making the agency's best value determination and award decision. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *11-12; AR Tab 87 at 17099. The Court also observed in the August 1, 2019, Decision that WellPoint similarly fails to explain how it has been prejudiced by the VA's decision to assign a weakness to its proposal with regards to claims processing approach, because the administrative record shows that the VA also did not consider this

weakness during the agency's best value determination. *WellPoint Military Care Corp.*, 2019 WL 4049168, at *11; AR Tab 93 at 17268; *see also* AR Tab 87 at 17099. Indeed, while WellPoint argues that it has been prejudiced by the VA's alleged evaluation errors, because it "would certainly still be in the zone of active consideration for award," but for these errors, WellPoint simply has not shown that it would have had a substantial chance of being awarded the Contract in the absence of the VA's alleged evaluation errors. Pl. Mem. at 19; *see also Bannum, Inc.*, 404 F.3d at 1353. And so, again, WellPoint has not made a strong showing that it is likely to succeed upon the merits of its claim on appeal. *Acrow Corp.*, 97 Fed. Cl. at 182.

### B. The Balance Of Harms And Public Interest Weigh Against Injunctive Relief

The other equities that the Court considers when evaluating WellPoint's motion for an injunction pending appeal also weigh against granting such relief in this case. WellPoint argues that it will suffer irreparable harm if the Court declines to enjoin Optum's performance under the Contract pending the resolution of its appeal, because WellPoint's competitive advantage to provide additional costs savings to the VA would be undercut. Pl. Mem. at 22. But, as the government correctly observes in its response and opposition to WellPoint's motion, such economic harm is generally not, alone, sufficient to establish irreparable harm. Def. Resp. at 16; *see also Minor Metals, Inc. v. United States*, 38 Fed. Cl. 379, 381-82 (1987). The Court also observes that WellPoint would have the opportunity to compete during a new evaluation process for the Contract, should the Federal Circuit determine that the VA must re-evaluate proposals in this case. And so, WellPoint has not shown that it will be irreparably harmed should the Court decline to enjoin Optum's performance under the Contract.[2]

The government also persuasively argues that a delay in the performance of the Contract would be harmful to the Nation's veterans, who will benefit from the quality of health care and veteran customer service to be provided under the Contract. Def. Resp. at 19; *see also* Stone Dec. at ¶¶ 6-12. The public has a strong interest in ensuring that the Nation's veterans receive timely and quality medical care and this interest could be placed in jeopardy if the Court were to

[2] It is also undisputed that full health care delivery will not be completed for the Contract until May 2020, and that the prior incumbent's contract will remain in place until September 2020. Def. Resp. at 18; Stone Dec. at ¶¶ 14-15; Pl. Reply at 7. And so, the government persuasively argues that WellPoint should have sufficient time to pursue its appeal before Optum would commence performance in this case. Def. Resp. at 18.

delay performance of the Contract. And so, for all of these reasons, the balance of the harms and the public interest cumulatively weigh against granting WellPoint's motion for an injunction pending appeal. *See* RCFC 62(d).

## V. CONCLUSION

In sum, WellPoint simply has not met its heavy burden to demonstrate that it is entitled to the extraordinary remedy of an injunction pending the appeal of the Court's August 1, 2019, Decision. And so, the Court **DENIES** WellPoint's motion for an injunction pending appeal.

No costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on May 10, 2019. This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **October 21, 2019**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge